IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEON MONROE, ) | |
| ) | Case No. 02 C 2101 |
| Plaintiff, ) | |
| ) | Judge Marovich |
| v. ) | |
| ) | Magistrate Schenkier |
| CITYWIDE TITLE CORPORATION, ) | |
| HOUSEHOLD FINANCIAL SERVICES, INC.; ) | |
| and HOUSEHOLD FINANCE CORPORATION; ) | |
| ) | |
| Defendants. ) | |

FILED-ED
AUG -7 PM 2:42
CLERK
U.S. DISTRICT COURT

**DOCKETED**
AUG 1 6 2002

## NOTICE OF MOTION

**TO:**  Stewart T. Kusper                              John Lipinsky
Katten Muchin Zavis Rosenman           Coman & Anderson, P.C.
525 W Monroe Street, Suite 1600           1979 North Mill Street, Suite 211
Chicago, IL 60661                                     Naperville, Illinois 60563
(312) 902-5200                                         630/428-2660
(312) 902-1061 (Fax)                                630/428-2549 (Fax)

PLEASE TAKE NOTICE that on August 14, 2002, at 10:30 a.m. we shall appear before Honorable Marovich or whomever is presiding in his stead, in room 1743 of the United States District Court for the Northern District of Illinois and present **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**, a copy of which is attached and hereby served upon you.

/s/ Kim A. Mines
Kim A. Mines

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Kim A. Mines
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200

(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Kim A. Mines, certify that on August 7, 2002, a copy of this notice and the documents referred to therein were sent by U.S. mail to the persons to whom this notice is addressed.

_____
Kim A. Mines

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEON MONROE, | ) |
| | ) Case No. 02 C 2101 |
| Plaintiff, | ) |
| | ) Honorable George M. Marovich |
| v. | ) |
| | ) Magistrate Sidney I. Schenkier |
| CITYWIDE TITLE CORPORATION, | ) |
| HOUSEHOLD FINANCIAL SERVICES, INC.; | ) |
| and HOUSEHOLD FINANCE CORPORATION; | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**[1]

Plaintiff respectfully requests that this Court enter an order granting him leave to file his proposed Amended Complaint, and deem it filed instanter.

In support of this motion, plaintiff states as follows:

1. Plaintiff brought this class action to secure redress for unlawful practices relating to residential mortgage loans. Plaintiff alleged that defendant Citywide Title Corporation violated the Real Estate Settlement Procedures Act, 12 U.S.C. §2607 ("RESPA") and implementing Department of Housing and Urban Development ("HUD") Regulation X, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). Plaintiff also sought restitution. Plaintiff further alleged that defendants Household Financial Services, Inc. and Household Finance Corporation failed to timely record releases of mortgages that are paid off, and imposed improper or bogus fees.

---

[1] This is plaintiff's first request for leave to amend the complaint. Plaintiffs believe that they are entitled to an amendment as a matter of right pursuant to Fed. R. Civ. P. 15(a).

1

2. The briefing schedule for both defendants' motions to dismiss was entered by this Court on July 10, 2002. On July 31, 2002, plaintiff filed an agreed motion for an extension of time to respond to both defendants' motions to dismiss.

3. The proposed Amended Complaint supplements the RESPA and state law claims addressing the collection of recording fees by defendants to be paid to the recorder's office and addresses the "split" of these fees under RESPA. Additionally, the proposed Amended Complaint supplements the state law claims relating to the collection of inflated and bogus fees.

4. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

5. The amendments will not cause any prejudice to the defendants. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

WHEREFORE, plaintiff request that this Court enter an order granting them leave to file the proposed Amended Complaint, and deem it filed instanter.

Respectfully submitted,

Kimberly A. Mines

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Kimberly A. Mines
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

3