Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2101 | **DATE** | 3/12/2003 |
| **CASE TITLE** | Monroe vs. Citywide Title Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. The Court grants Citywide's motion to dismiss.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 13 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 27 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JD | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
MAR 1 3 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEON MONROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02 C 2101 |
| ) | Judge George M. Marovich |
| CITYWIDE TITLE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Leon Monroe ("Monroe") filed a class action against Citywide Title Corporation ("Citywide") claiming Citywide overcharged him for certain fees during a refinancing closing and split them with others in violation of § 8(b) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. The Complaint also included a claim under the Illinois Consumer Fraud Act and a claim for unjust enrichment. Citywide moved to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). For the reasons set forth below, the Court grants Citywide's Motion to Dismiss.

### BACKGROUND

The Complaint alleges the following relevant facts which, for purposes of deciding this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). On January 18, 2002, Monroe refinanced his residential mortgage loan. The payoff statement prepared by the lender included a $15 recording fee. Citywide, the closing agent, also charged Monroe recording fees,



specifically $43.50 to record the new mortgage and $87 to record
the release. At the closing, Citywide collected all of these
fees, among others.

After the closing, Citywide paid the lender the amount
listed on the payoff statement, including the $15 recording fee.
Although Citywide charged Monroe $43.50 to record the mortgage,
the county recorder fee was only $35.50. Citywide kept the
remaining $8. Finally, Citywide did not record the release, yet
it kept the $87 it charged for doing so. Monroe alleges that
this conduct amounts to fee splitting in violation of § 8(b).

## LEGAL STANDARD

When considering a motion to dismiss, a court must view the
complaint's allegations in the light most favorable to the
plaintiffs, and all well-pleaded facts in the complaint must be
accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th
Cir. 1994). Dismissal is proper only if it appears beyond a
doubt that plaintiff can prove no set of facts in support
of a claim which would entitle them to relief. Conley v. Gibson,
355 U.S. 41, 45-46 (1957).

Jurisdiction is the "power to decide" and must be conferred
upon a federal court. In re Chicago, Rock Island & Pacific R.R.
Co., 794 F.2d 1182, 1188 (7th Cir. 1986). Pursuant to Fed. R.
Civ. Proc. 12(b)(1), a defendant may move to dismiss claims over
which the federal court lacks subject matter jurisdiction. The
burden is then on the plaintiff to show that jurisdiction exists.
Kontos v. Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987).

## DISCUSSION

Monroe claims Citywide violated RESPA § 8(b) and its implementing regulation, Regulation X, by charging inflated recording fees and splitting them among the lender, the county recorder and itself. Alternatively, plaintiff claims Citywide retained an unearned fee in violation of the statute.

Section 8(b) provides that "no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement services in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). As the Seventh Circuit has repeatedly held, a violation of § 8(b) requires a division of unearned fees by at least two parties; it does not include overcharging by a single party. Krzalic v. Republic Title Co., 314 F.3d 875 (7th Cir. 2002); Echevarria v Chicago Title, 256 F.3d 623 (7th Cir. 2001); Durr v. Intercounty Title Co., 14 F.3d 1183 (7th Cir. 1993).

The Seventh Circuit recently reaffirmed its position in Krzalic. In that case, the defendant title company charged the plaintiff $50 to record a mortgage, even though the county recorder's fee was only $36. The defendant kept the extra $14. Krzalic, 314 F.3d at 876. According to the plaintiff, in keeping the $14, the defendant violated § 8(b) by receiving "a portion of a charge other than for a service actually performed." Id.

As explained by the Seventh Circuit, the statute does not regulate the amount a closing agent can charge for its services; it prohibits kickbacks. Id. at 877. There was no kickback in

3

Krzalic. Id. The title company simply repriced the recording fees and kept the overage. The title company did not agree to divide the $14 with anyone, nor did it receive a part of a fee charged by someone else. Id. at 879. Thus, there was no violation of the statute. Id. at 877.

Similarly, Citywide did not give or receive a kickback in this case. Citywide charged Monroe $43.50 to record the mortgage, paid the county recorder $35.50, and kept the remaining $8. Even if true, this does not amount to a cause of action under § 8(b). Monroe admits as much, but claims that this interpretation of the statute is invalid in light of HUD's 2001 Policy Statement. *Real Estate Settlement Procedures Act Statement of Policy 2001-1*, 66 Fed. Reg. 53052, 53057 (October 18, 2001). This argument was considered and rejected by the Seventh Circuit in Krzalic (decided after the parties briefed this motion), and there is no need to revisit it here. 314 F.3d at 875.

Monroe's remaining allegations also fail to state a claim under § 8(b). For instance, Monroe alleged that Citywide violated the statute by collecting $87 to record the release and failing to do so. Again, there was no violation of the statute because there was no fee splitting. Citywide kept the entire $87.

Finally, Monroe argues that Citywide violated § 8(b) by splitting fees with the lender. The payoff amount provided by the lender included a $15 recording fee. Monroe alleges that Citywide collected the payoff amount at the closing and remitted

4

it in full to the lender. Thus, Citywide did not keep a portion of the fee. Plaintiff's attempt to turn this into a § 8(b) claim must fail as well.

Count I is dismissed for failure to state a claim under RESPA § 8(b). The remaining counts include an alleged violation of the Illinois Consumer Fraud Act and a claim for unjust enrichment. Because the federal claim was dismissed, this Court declines to exercise jurisdiction over the remaining claims. The Complaint is therefore dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, the Court grants Citywide's motion to dismiss.

ENTER:

George M. Marovich
United States District Judge

DATED: March 12, 2003

5